UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>JESUS GUADALUPE SANCHEZ, *et. al.*,<br><br>              Defendants. | Case No. 1:12-cr-00155-BLW<br><br>**ORDER** |

      The Court has before it Defendant Loveland's Motion for Acquittal (Dkt. 482), Defendant Morris' Motion for Acquittal (Dkt. 488), Defendant Loveland's Motion for Payment of Transcript Fees (Dkt. 494), and Defendant Loveland's Motion to Continue Sentencing (Dkt. 548).

      With regard to Defendant Loveland's Motion for Acquittal, Loveland asked for an extension of time to file his brief in support of the motion. He has now filed that motion. Good cause appearing, the Court will grant the extension, and give the Government time to respond. Accordingly, the Court will address the motion once the Government has filed its response brief. In turn, the Court will continue Loveland's sentencing in order to accommodate the briefing schedule on the Motion for Acquittal. The Court will also grant Loveland's Motion for Payment of Transcript Fees given Loveland's indigent status and

counsel's need to review the transcript for purposes of the Motion for Acquittal.

With respect to Defendant Morris' Motion for Acquittal, Rule 29(a) states that after the government closes its evidence, the Court must, on defendant's motion, enter a judgment of acquittal on any offense for which the evidence is insufficient to sustain a conviction. Morris made such a motion, and the Court denied it on the record, and for the reasons expressed on the record, at trial. Dkt. *Trial Transcript*, p. 1306, Dkt. 540.

Apparently, Morris initially intended to renew that motion post-trial, and he filed a document entitled Defendant Michael Morris's Motion for Acquittal or Alternatively, Motion for New Trial (Dkt. 488). However, the motion contained no substantive argument; instead, it asked for additional time to file a supporting memorandum. Morris subsequently filed a notice with the Court indicating that he would not file a brief, and that the motion be determined based upon the existing record. (Dkt. 550). Because the existing record is the same as it was when the Court initially denied his motion – in fact, Defendant states as much by noting that "no new evidence was presented after the denial of Defendant's motion" *Def's Motion for Acquittal*, Dkt. 488 – the Court will deny the motion to the degree one is asserted for the same reasons as stated at trial.

## ORDER

**IT IS ORDERED:**

1. With respect to Defendant Loveland's Motion for Acquittal (Dkt. 482), the Government shall file a response brief on or before April 12, 2013. The Court will then address the motion.

2. Defendant Morris' Motion for Acquittal (Dkt. 488) is **DENIED**.

3. Defendant Loveland's motion for Payment of Transcript Fees (Dkt. 494) is **GRANTED**.

4. Defendant Loveland's Motion to Continue Sentencing (Dkt. 548) is **GRANTED**.

DATED:  **March 20, 2013**

B. LYNN WINMILL
Chief U.S. District Court Judge